IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERTO JONES-CHAMBERS,** *Plaintiff,* v. **DETECTIVE ANDREW RATHFON.** *Defendant.* | Case No: 2:23-cv-01138-MSG |

MEMORANDUM OPINION

**Goldberg, J.**                                                                                                                   June 27, 2024

Plaintiff Roberto Jones-Chambers brings this civil rights lawsuit against Defendant Detective Andrew Rathfon alleging that Defendant did not have probable cause to arrest and charge him for various crimes related to property damage at Plaintiff's former employer's business. Plaintiff asserts claims of false arrest, false imprisonment, and malicious prosecution pursuant to 42 U.S.C. § 1983 and Pennsylvania state law.[1] (ECF No. 8, Am. Compl. ¶¶ 49–75.) Pending before me is Defendant's Motion to Dismiss the Amended Complaint in its entirety. (ECF No. 15.) For the following reasons, that Motion will be granted.

---

[1] Plaintiff additionally brings a claim for "arrest made without probable cause" pursuant to 42 U.S.C. § 1983. (ECF No. 8, Am. Compl. ¶ 62–63.) This is not a distinct cause of action. An "arrest made without probable cause" is required to state a claim for false arrest. See James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012). Therefore, I must determine whether an arrest was made without probable cause in evaluating the sufficiency of Plaintiff's false arrest claim. Accordingly, Count II will be dismissed.

I.      **FACTUAL BACKGROUND**

The following facts, viewed in the light most favorable to Plaintiff, are taken from the Amended Complaint and attached exhibits[2]:

- The owner of Feroa Trucking, Fernando Rojas Acuna ("Acuna"), reported to police that someone damaged three of his trucks overnight between June 12, 2021 and June 13, 2021. Acuna reported that a fourth truck, typically operated by a friend of Plaintiff's, was not damaged. (Am. Compl. ¶¶ 8–14.)

- Investigators obtained video surveillance of the night in question from two nearby businesses. The first video showed that on June 12, 2021 at 23:00, a white hatchback entered a gravel road from Swedeland Road and drove in the direction of Acuna's property where the trucks were stored. The white hatchback was shown exiting via the same road at 23:22, then re-entering a few minutes later and re-exiting for the last time at 23:39. The second video showed a white hatchback parking in the shoulder along Swedeland Road at 00:08 on June 13, 2021. An individual exited the vehicle and walked to a nearby pile of sand and rocks. At 00:12, the individual got into the vehicle and drove away. (Id. ¶¶ 15–23.)

- Acuna told police investigators that he recently fired Plaintiff and that Plaintiff drove a white Mazda hatchback. (Id., Ex. 1, "Affidavit of Probable Cause.")

- A search of Pennsylvania Department of Transportation ("PennDOT") records allegedly revealed that a 2006 Mazda 3 was registered to Plaintiff. (Id. ¶ 24.)

- Defendant, a detective with the Upper Merion Township Police Department, showed a still image of the video surveillance footage to a local Mazda salesman and the salesman "positively identified" the vehicle as a 2004–2009 Mazda 3 hatchback. (Id. ¶ 25.)

- A magistrate judge issued an arrest warrant on January 7, 2022 based on an affidavit of probable cause provided by Defendant. Plaintiff appeared for a preliminary arraignment on February 4, 2022 and bail was set at $10,000 "unsecured." At the preliminary hearing on April 18, 2022, all charges were dismissed. (Id. ¶¶ 50, 58, 60; Id., Ex. 4, "Criminal Docket"; Def. Mot. to Dismiss at 1–2.)

---

[2] Plaintiff attaches four exhibits to his Amended Complaint: the affidavit of probable cause signed by Defendant, a document containing his vehicle identification number, a document stating the color of his vehicle, and a copy of the state court docket. I may rely on these documents in ruling on Defendant's Motion to Dismiss because they are attached to the complaint. See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.").

2

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Conclusory allegations do not suffice. Id. Twombly and Iqbal's plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." Id. Plausibility requires "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a claim." Phillips v. Cty. Of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). In considering a motion to dismiss under Rule 12(b)(6), factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor. Shorter v. United States, 12 F.4th 366, 371 (3d Cir. 2021).

## III. DISCUSSION

Defendant seeks dismissal of Plaintiff's federal and state claims for false arrest, false imprisonment, and malicious prosecution based on the following arguments: (1) Defendant had probable cause to arrest Plaintiff; and (2) Plaintiff did not suffer a deprivation of liberty.[3] I address both arguments in turn.

### A. All claims must be dismissed because probable cause existed to arrest Plaintiff

A lack of probable cause is required to state a claim for all causes of action alleged by Plaintiff.

---

[3] Defendant also argues that Plaintiff fails to plead sufficient facts to plausibly allege that Defendant acted with malice. I need not reach this argument because, as discussed *infra*, Plaintiff has failed to plausibly allege that there was a lack of probable cause for his arrest.

To plausibly allege either a federal or state law claim of false arrest, a plaintiff must plead (1) that there was an arrest; and (2) that the arrest was made without probable cause. James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012); Renk v. City of Pittsburgh, 641 A.2d 289, 295 n.2 (Pa. 1994).

A federal or state claim for false imprisonment may be based on a "detention pursuant to [an] arrest" made without probable cause. Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); see Renk, 641 A.2d at 293 ("The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention."). False arrest and false imprisonment claims are "nearly identical" and can be analyzed together. Maiale v. Youse, 2004 WL 1925004, at *12 (E.D. Pa. 2004); see Gagliardi v. Lynn, 285 A.2d 109, 111 (Pa. 1971).

To bring a successful claim for malicious prosecution under 42 U.S.C. § 1983, a plaintiff must allege that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003). Similarly, to state a claim for malicious prosecution under Pennsylvania law, a plaintiff must allege "(1) the defendant instituted proceedings against him without probable cause, (2) with malice and (3) those proceedings were terminated in the plaintiff's favor." Hughes v. City of Phila., 2023 WL 4852294, at *15 (E.D. Pa. 2023) (relying on Kelley v. General Teamsters, Chauffeurs, and Helpers, Local Union 249, 544 A.2d 940, 941 (Pa. 1988)). Thus, Plaintiff's claims for false arrest, false imprisonment, and malicious prosecution all turn on whether probable cause existed for his arrest.

"Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." United States v. Myers, 308 F.3d 251, 255 (3d Cir. 2002). Evaluating whether probable cause existed for the issuance of a warrant requires a "totality of the circumstances" analysis including "the objective facts available to the officers at the time of arrest." United States v. Glasser, 750 F.2d 1197, 1205–06 (3d Cir. 1984). "Evidence that may prove insufficient to establish guilt at trial may still be sufficient to find the arrest occurred within the bounds of the law." Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994). "The ultimate finding of guilt or innocence, or even dismissal of charges arising out of an arrest and detention has no bearing on whether the arrest was valid." Pansy v. Preate, 870 F. Supp. 612, 617-18 (M.D. Pa. 1994), aff'd, 61 F.3d 896 (3d Cir. 1995).

The question of whether probable cause existed for an arrest is generally a question of fact for the jury. See Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000). However, dismissal is appropriate where the facts alleged by Plaintiff, taken as true and drawing all inferences in favor of the Plaintiff, would still support a finding of probable cause. See Olson v. Ako, 724 Fed. Appx. 160, 164 (3d Cir. 2018).

When an officer arrests a person pursuant to a valid warrant, "the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . [concluding]' probable cause existed." Illinois v. Gates, 462 U.S. 213, 238–39 (1983) (quoting Jones v. United States, 362 U.S. 257, 271 (1960)). Reviewing courts "give great deference to the magistrate judge's probable cause determination." United States v. Hodge, 246 F.3d 301, 305 (3d Cir. 2001). Review is confined to the facts presented to the magistrate in the affidavit to evaluate if there was sufficient information to support a finding of probable cause. United States v. Jones, 994 F.2d 1051, 1055 (3d Cir. 1993).

Moreover, "the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." United States v. Ventresca, 380 U.S. 102, 109 (1965).

Here, Defendant argues that he had sufficient probable cause to obtain a warrant for Plaintiff's arrest. In doing so, Defendant points to the following evidence: Acuna, the owner of Feroa Trucking, reported to police that several of his trucks were damaged. (Am. Compl. ¶¶ 8–11.) Video surveillance footage from the night of the crime showed a white hatchback entering and exiting the area where the trucks were stored. (Id. ¶¶ 12, 15–23.) Plaintiff is a former employee of Feroa Trucking and had been fired shortly before the crime occurred. (Id. ¶ 13.) Acuna told Defendant that the only truck left undamaged was a truck operated by Plaintiff's friend, another Feroa employee. (Id. ¶ 14.) Acuna also told Defendant that Plaintiff drove a white Mazda hatchback. (Id. ¶ 33; Affidavit of Probable Cause.) A local Mazda salesman identified the vehicle in the video footage as a 2004–2009 Mazda 3 hatchback. (Id. ¶ 25.) Defendant searched PennDOT records and determined that a 2006 Mazda 3 was registered to Plaintiff. (Id. ¶ 24.) Based upon the determination that Plaintiff drove a car matching the suspect's vehicle in the video footage and the motive provided by Acuna, Defendant swore an Affidavit of Probable Cause for Plaintiff, which was reviewed and signed by a magistrate judge on January 7, 2022. (Id., Ex. 1, Affidavit of Probable Cause.)

Consideration of the totality of the circumstances reveals that there was a sufficient basis for the magistrate judge to believe that probable cause existed. See Glasser, 750 F.2d 1205–06. Facts establishing that Plaintiff drove the same color, make, and model of car as the suspect, combined with the fact that Plaintiff both had a possible motive to commit the crimes and was

friends with the operator of the only undamaged truck, viewed together, provided the magistrate judge with sufficient information to determine probable cause existed.

Because I have determined that the arrest warrant was based on sufficient probable cause, Plaintiff's claims will only survive if he has plausibly pled that "the officer misrepresented material information to get the warrant," that would taint the magistrate's finding of probable cause. Pinkney v. Meadville, 95 F.4th 743, 748 (3d Cir. 2024) (relying on Andrews v. Scuilli, 853 F.3d 690, 698 (3d Cir. 2017)). "Proof of negligence or innocent mistake in preparing the affidavit is insufficient to establish liability" for a claim of false arrest. Greene v. City of Phila., 1998 WL 254062, at *5 (E.D.Pa. May 8, 1998).

Plaintiff argues the affidavit fails to support a finding of probable cause for two reasons. As to his first argument, Plaintiff does not allege that there was a material misrepresentation made in the affidavit. Instead, Plaintiff argues that Defendant failed to confirm that the information from his investigation was trustworthy. Plaintiff suggests that Defendant should have asked Plaintiff if he had an alibi, inquired further into the alleged motive, and visited Plaintiff to confirm he possessed a white Mazda 3. (Pl. Resp. at 8.) Plaintiff contends that such an investigation would have revealed that he drives a blue Mazda that does not resemble the white car seen in the video footage. (Id. at 9.)

An officer "is not required to interview a suspect and rule out his claims of innocence." Leary v. Cook, 2020 WL 2404892, at *12 (E.D. Pa. May 12, 2020). "[P]olice do not have a constitutional duty to investigate a defendant's protestations of innocence or to search for evidence of affirmative defenses prior to making an arrest." Casselli v. City of Phila., 2016 WL 6082635, at *7 (E.D. Pa. Oct. 18, 2016) (relying on Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 790 n.8 (3d Cir. 2000)). Here, Defendant reasonably relied on the information discovered during his

investigation. He was not required to interview Plaintiff before applying for an arrest warrant. Accordingly, Defendant's failure to conduct further investigation is not sufficient to allege that he made materially false statements or omissions that created a falsehood in applying for the warrant. See Wilson v. Russo, 212 F.3d 781, 786–87 (3d Cir. 2000).

Second, Plaintiff alleges that the affidavit overstates the local Mazda salesman's certainty in identifying the vehicle in the surveillance footage as a 2004-2009 Mazda 3 hatchback. Plaintiff asserts that Defendant was told by the Mazda salesman that the vehicle in the surveillance video "*might* be a white 2004–2009 Mazda 3 hatchback," which is different than what is presented in the affidavit, which states that the salesman "positively identified the vehicle as a 2004-2009 Mazda 3 hatchback." (Am. Compl. ¶ 29; Affidavit of Probable Cause.) Plaintiff further alleges that "the car could not be definitively identified," because the video footage was "highly pixelated." (Id. ¶ 28.)

This alleged misstatement in the affidavit will only constitute a material misrepresentation if: (1) the Defendant "knowingly and deliberately, or with a reckless disregard for the truth, ma[d]e false statements or omissions that create[d] a falsehood in applying for a warrant" and (2) "those false statements or omissions [were] material, or necessary, to the finding of probable cause." Pinkney, 95 F.4th at 748 (internal quotation marks omitted) (citing Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997)).

As to the first element, omissions in an affidavit are made with a reckless disregard for the truth when an "officer withholds a fact in his ken that any reasonable person would have known that this was the kind of thing the judge would wish to know." Wilson, 212 F.3d 787-88 (citing United States v. Jacobs, 986 F.2d 1231, 1235 (8th Cir.1993)). In Jacobs, the Eighth Circuit Court of Appeals held that a police officer acted with reckless disregard when he "told the magistrate

8

that a drug sniffing dog showed 'interest' in the defendant's bag but failed to inform the magistrate that the dog had not gone into 'alert.'" Wilson, 212 F.3d at 788 (citing Jacobs, 986 F.2d at 1234). The court held that "the omission occurred at least with reckless disregard of its effect upon the affidavit," because the omitted information was "highly relevant" to the magistrate's determination of probable cause. Jacobs, 986 F.2d at 1234.

Here, the car salesman's identification of the make, model, and year range of the suspect's vehicle created a connection to Plaintiff, whose registered vehicle matched that identification. The strength of that identification could be "the kind of thing the judge would wish to know" in a probable cause determination where the car was a key link to the suspect. Wilson, 212 F.3d at 787-88. Like the officer in Jacobs who failed to inform the magistrate that the dog's "interest" did not rise to the level of an "alert," Plaintiff alleges Defendant failed to inform the magistrate that the car salesman's identification of the car as a 2004-2009 Mazda 3 hatchback was not entirely certain (e.g., "might be a white 2004-2009 Mazda 3 hatchback"). As pled, and viewed in the light most favorable to Plaintiff, the complaint plausibly alleges that Defendant overstated the certainty of the car salesman's identification of the car, and as such, made an omission that created a falsehood in applying for the warrant.

As to the second element, in order to determine if the alleged misstatement is material, I must "reconstruct the affidavit by excising the offending inaccuracies and inserting the facts recklessly omitted." Pinkney, 95 F.4th at 740 (internal citation and quotation marks omitted). Then, I must consider "whether or not the corrected warrant affidavit would establish probable cause." Wilson, 212 F.3d at 789 (internal citation and quotation marks omitted).

Under this analysis, I will remove the language that states the car salesman "positively identified the vehicle as a 2004-2009 Mazda 3 hatchback" and replace it with the statement that

the vehicle in the video "might be a white 2004–2009 Mazda 3 hatchback." (Am. Compl. ¶ 29; Affidavit of Probable Cause.) Unless the unequivocal identification of the vehicle by the salesman was required to establish probable cause, the reconstructed affidavit will still support a finding of probable cause.

As pled, I conclude that the alleged misstatement would not have tainted the magistrate's probable cause finding and that the totality of the evidence in the reconstructed affidavit still supports a finding of probable cause. Whether the affidavit said the Mazda salesman "positively identified" or "might" have identified the vehicle as a 2004-2009 Mazda 3 is of no amount. Probable cause "requires more than mere suspicion; however, it does not require that the [defendant] have evidence sufficient to prove guilt beyond a reasonable doubt." Orsatti v. N.J. State Police, 71 F.3d 480, 482–83 (3d Cir. 1995). The facts in the reconstructed affidavit establish that Plaintiff had a possible motive to commit the crimes and was friends with the operator of the undamaged truck, the business owner told Defendant that Plaintiff drove a white Mazda hatchback, PennDOT records showed Plaintiff had a 2006 Mazda, and, under the reconstructed affidavit, a Mazda salesman identified the car in the surveillance footage as potentially being a 2004–2009 Mazda 3 hatchback. This evidence is "sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." United States v. Myers, 308 F.3d 251, 255 (3d Cir. 2002). Accordingly, because Plaintiff has not plausibly alleged his arrest was made without probable cause, Defendant's Motion will be granted in its entirety.

### B. Plaintiff has also failed to sufficiently plead that he suffered a deprivation of liberty

Even if Plaintiff had successfully pled that his arrest was made without probable cause, three of his claims would independently fail because he has not plausibly alleged that he suffered

a deprivation of liberty. Deprivation of liberty is an element of both state and federal false imprisonment claims and federal malicious prosecution claims.[4]

"The type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty accompanying prosecution, not prosecution itself." DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005). "When the state places constitutionally significant restrictions on a person's freedom of movement for the purpose of obtaining his presence at a judicial proceeding, that person has been seized within the meaning of the Fourth Amendment." Schneyder v. Smith, 653 F.3d 313, 321–22 (3d Cir. 2011).

The United States Court of Appeals for the Third Circuit has held that a plaintiff sufficiently pleads deprivation of liberty in cases where the state imposed significant restrictions on travel or other onerous pre-trial limitations. See Black v. Montgomery Cnty., 835 F.3d 358, 362–63, 368 (3d Cir. 2016); see also Gallo v. City of Philadelphia, 161 F.3d 217, 219 (3d Cir. 1998). In contrast, it was not considered a deprivation of liberty in Quiah v. Devereux Found., Inc. where the plaintiff was released on unsecured bail of $2,500, was required to attend fourteen pre-trial listings, "each of which necessitated approximately three hours of travel time for the forty-mile round trip," and had to report regularly to pretrial services. 2020 WL 5645696, at *7 (E.D. Pa. 2020); see also Roberts v. Caesar's Ent., Inc., 72 F. Supp. 3d 575, 582 (E.D. Pa. 2014) (finding

---

[4] A federal or state claim for false imprisonment may be based on a "detention pursuant to [an] arrest" made without probable cause. Groman, 47 F.3d at 636; see Renk, 641 A.2d at 293 ("The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention.").
  To bring a successful claim for malicious prosecution under Section 1983, a plaintiff must allege that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Estate of Smith, 318 F.3d at 521.

it was not a deprivation of liberty where plaintiffs were released after they were charged and arraigned, permission to travel was required but travel was not restricted, and they were not required to report to pretrial services).

To determine whether a deprivation of liberty has occurred, courts examine what specific restrictions were placed on a plaintiff who has been released pre-trial. See Black, 835 F.3d at 366–67; Quiah, 2020 WL 5645696, at *7. Here, Plaintiff only alleges that an arrest warrant was issued and that he surrendered to the police. (Pl. Resp. at 11.) Plaintiff does not dispute that he was released on $10,000 unsecured bail the same day he turned himself in. (Criminal Docket; Def. Mot. to Dismiss at 4.) Plaintiff does not allege that he was held in pretrial custody or subject to any "onerous types of pretrial, non-custodial restrictions." DiBella, 407 F.3d at 603. Therefore, Plaintiff fails to plead sufficient facts, which if proven, would establish that he suffered a deprivation of liberty as a result of Defendant's actions. Accordingly, I will grant Defendant's Motion as to the state and federal false imprisonment claims and the federal malicious prosecution claim for the additional reason that Plaintiff has not sufficiently pled that he suffered a deprivation of liberty.

IV. **CONCLUSION**

For the foregoing reasons, I will grant Defendant's Motion to Dismiss in its entirety. An appropriate Order follows.[5]

---

[5] The Third Circuit has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. Cnty of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). Here, given the state and federal law regarding probable cause and depravation of liberty, any further amendment of Plaintiff's claims against Defendant would be futile.